**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA**

**vs.**                                          **Case No. 4:08cr2-SPM/CAS
                                                  Case No. 4:10cv154-SPM/CAS**

**STEVE TYRONE THOMPSON,**

            **Defendant.**

_____/


## REPORT AND RECOMMENDATION TO DENY § 2255 MOTION

Before the Court is an amended motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a supporting memorandum filed by Defendant Steve Tyrone Thompson, proceeding pro se.  Doc. 55.  The Government has filed a response in opposition to the motion.  Doc. 62.  Defendant has filed a reply to the Government's response.  Doc. 63.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After reviewing the record, the undersigned concludes no evidentiary hearing is required and the § 2255 motion should be denied. *See* 28

U.S.C.§ 2255 (providing that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon").

## Background and Procedural History

In the underlying criminal case, number 4:08-cr-2/SPM, Defendant was indicted and charged, on January 8, 2008, with three counts in connection with events that took place on November 6, 2007:

> (1) possession with intent to distribute over 500 grams of "a mixture and substance containing cocaine and more than five (5) grams of a mixture and substance containing cocaine base, commonly known as 'crack cocaine,'" in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B)(ii), and 841(b)(1)(B)(iii);

> (2) possession of seven (7) firearms, including a short-barreled shotgun, in furtherance of the cocaine/crack drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and 924(c)(1)(B)(I); and

> (3) possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871.

Doc. 1.  On April 17, 2008, in a hearing before Magistrate Judge William Sherrill, Defendant entered guilty pleas to all counts.  Doc. 60 (transcript of plea hearing); Doc. 22 (signed written plea).

A sentencing hearing took place before Judge Stephan Mickle on May 18, 2009. Doc. 61 (transcript of sentencing hearing).  The Court sentenced Defendant to 95 months in prison on Counts 1 and 3, to run concurrently, and 60 months in prison on Count 2, to run consecutive to the sentence on Counts 1 and 3, followed by a five-year term of supervised release.  Docs. 46, 48.  Defendant did not appeal.

On April 21 2010, Defendant, proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, with a supporting memorandum. Doc. 52. After direction by this Court, Defendant filed an amended § 2255 motion and memorandum. Doc. 55. The Government has filed a response (Doc. 62), to which Defendant has filed a reply (Doc. 63).

## Analysis

Pursuant to 28 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." A § 2255 motion is not a substitute for a direct appeal. *See, e.g.*, Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). "Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, . . . unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Id*. at 1232-33.

In the body of his amended § 2255 motion, Defendant raises three grounds:

(1) "Sentence exceeds in re: The plain language of the firearm law forbids the imposition of its mandatory minimum sentence when defendant is already subject to another greater mandatory minimum sentence under any other provision of law. See U.S. v. Lee Almany, No. 08-6027 (6th Cir. Mar. 10, 2010) 598 F.3d 238." Doc. 55 at 3.

(2) "Ineffectiveness of Counsel in not assisting Movant with the firearm offenses which could have led the Court to determine mitigating factors, thereby reducing the sentence imposed."  Doc. 55 at 3.

(3) "Ineffective Assistance of Counsel in violation of Strickland for not advising Movant of the structural defect in the Government's charged violation of Title 26 U.S.C. § § 5861(d), 5871: to wit, that unregistered firearms must meet or exceed a criteria as determined by statute and case law."  Doc. 55 at 4.

Under each ground in the motion, Defendant indicates greater detail is provided in the

attached memorandum.  Doc. 55 at 3-4.  In addition to elaborating these grounds,

however, Defendant impermissibly alludes to additional grounds in the memorandum,

as pointed out by this Court in the order directing the Government to respond (Doc. 57),

as well as by the Government in its response (Doc. 62).

The Government, in its response, sets forth the "various issues and complaints"

raised by Defendant as follows:

Issue I. Whether attorney R. Timothy Jansen was ineffective for six reasons?

A.    Mr. Jansen failed to move to dismiss Count One as duplicitous.

B.    Mr. Jansen allegedly induced Petitioner to plead guilty as a result of lies, false promises and intimidation.

C.    Mr. Jansen allegedly failed to elicit mitigating information.

D.    Mr. Jansen failed to file a motion to suppress drug evidence.

E.    Mr. Jansen failed to object to alleged sentencing manipulation.

F.    Mr. Jansen failed to notice the government allegedly could not prove the charge in Count Three and the government

> failed to prove that the sawed-off shotgun had a barrel one-
> half inch in diameter.

> Issue II. Whether AUSA Mountin promised Petitioner a substantial
> assistance motion and failed to keep his promise?
> Issue III. Whether Petitioner was wrongfully denied the benefits of "safety
> valve"?

Doc. 62 at 1-2. The Government addresses each of these issues. *Id.* at 7-20. The

Government attached to its response affidavits from Mr. Jansen and Mr. Mountin. *Id.*

Attach. 1 (Mr. Jansen's affidavit) and 2 (Mr. Mountin's affidavit).

In his reply, Defendant lists the issues as set forth by the Government. Doc. 63

at 1-3. Defendant indicates that he withdraws the allegations in I.A. through I.D. as well

as I.F. *Id.* at 2-3. As to I.E., Defendant indicates that he restates the issue in the reply.

*See id.* at 2, 3-5.

### <u>Ground 1</u>: IAC – Failure to Object to Alleged Sentencing Manipulation

In Ground 1, as it remains following Defendant's withdrawal of allegations in his

reply, Defendant asserts only a claim of ineffective assistance of counsel (IAC) for

failure to object to alleged sentencing manipulation. Doc. 63 at 2, 3-5. To prevail on an

IAC claim, Defendant must demonstrate: (1) counsel's performance was deficient,

falling below an objective standard of reasonableness, and (2) prejudice as a result of

that deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).

The Court need not address both deficient performance and prejudice where a

defendant makes an insufficient showing as to one. *Id*. at 697. This <u>Strickland</u> two-

prong test applies to § 2255 challenges of guilty pleas based on ineffective assistance

of counsel. *See, e.g.*, <u>Carrazana v. United States</u>, No. 12-10389, 2013 WL 192496, *1

(11th Cir. Jan. 17, 2013) (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985)).  It is presumed that counsel's performance was objectively reasonable, so for Defendant to show it was unreasonable, he "must establish that no competent counsel would have taken the action that his counsel did take."  <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc), *cert. denied,* 531 U.S. 1204 (2001).  For prejudice, Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland</u>, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  "To prove prejudice in the context of a guilty plea, a defendant must show a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial."  <u>Carrazana</u>, at *1 (citing <u>Hill</u>, 474 U.S. at 59).  Defendant "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a <u>Strickland</u> claim, and both prongs must be proved to prevail."  <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied*, 535 U.S. 926 (2002).  The cases which prevail under <u>Strickland</u> "are few and far between." *Id.*

Here, Defendant asserts his attorney, Mr. Jansen, "failed to object to sentencing formula which created a greater disparity in sentence than this Circuit now allows." Doc. 63 at 3; *see* Doc. 55 at 3.  Defendant cites to <u>United States v. Almany</u>, 598 F.3d 238 (6th Cir. 2010), and asserts "[a]t issue here is the 'except' clause of the firearm statute, which exempts a criminal defendant from the mandatory minimum if the defendant is subject to another mandatory minimum, which [Defendant] was."  Doc. 63

at 3; *see* Doc. 55 at 3. Defendant asserts he received two mandatory minimum

sentences, contrary to decisions in <u>Almany</u> and <u>United States v. Whitley</u>, 529 F.3d 150

(2d Cir. 2008), which Defendant argues in his reply should be persuasive. Doc. 63 at 4-

5. Defendant argues his sentence on Count 2 should be directed to run concurrent with

his other sentences, rather than consecutive. *Id*. at 6.

The Government argues in its response that there was no sentence

manipulation. Doc. 62 at 15-16. The Government does not specifically cite or discuss

the <u>Almany</u> and <u>Whitley</u> cases referenced by Defendant. *See id.*

As set forth above, Defendant was convicted of drug possession with intent to

distribute under 21 U.S.C. § 841 and possession of a firearm under 18 U.S.C. § 924(c).

Doc. 48. In particular, § 924(c) provides:

> <u>Except to the extent that a greater minimum sentence is otherwise</u>
> <u>provided by this subsection or by any other provision of law</u>, any person
> who, during and in relation to any crime of violence or drug trafficking
> crime (including a crime of violence or drug trafficking crime that provides
> for an enhanced punishment if committed by the use of a deadly or
> dangerous weapon or device) . . . uses or carries a firearm, or who, in
> furtherance of any such crime, possesses a firearm, shall, in addition to
> the punishment provided for such crime of violence or drug trafficking
> crime – (i) be sentenced to a term of imprisonment for not less than 5
> years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). Courts refer to this emphasized portion as

the "except" clause. *See, e.g.*, <u>Abbot v. United States</u>, 131 S. Ct. 18, 22 (2010).

Section 924(c) further provides that "[n]otwithstanding any other provision of law – no

term of imprisonment imposed on a person under this subsection shall run concurrently

with any other term of imprisonment imposed on the person."  18 U.S.C.

§ 924(c)(1)(D)(ii).

The Eleventh Circuit Court of Appeals and the U.S. Supreme Court have

rejected the argument advanced by Defendant.  *See* <u>Abbot</u>, 131 S. Ct. at 26-31; <u>United</u>

<u>States v. Segarra</u>, 582 F.3d 1269, 1272-73 (11th Cir. 2009).  In <u>Segarra</u>, the Eleventh

Circuit concluded that the plain language of § 924(c)(1)(A) required a consecutive

sentence where the defendant was subject to mandatory minimum sentences for both a

§ 924(c) offense and an underlying drug offense.  582 F.3d at 1272-73.  In <u>Abbott</u>, the

U.S. Supreme Court affirmed this interpretation of § 924(c)(1)(A) and rejected the

contrary interpretations set forth in <u>Almany</u> and other federal circuit cases.  131 S. Ct. at

23-31.  The Court held that "a defendant is subject to a mandatory, consecutive

sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of

receiving a higher mandatory minium on a different count of conviction."  *Id*. at 23.  The

Court further held the "except" clause applies only where "another provision of law

directed to conduct proscribed by § 924(c) imposes an even greater mandatory

minimum."  *Id*.  "Thus, the 'except' clause does not prohibit consecutive sentences

when a defendant is subject to a mandatory minimum under both § 924(c) and a drug

statute."  <u>United States v. Baez</u>, 417 F. App'x 852, 854 (11th Cir. 2011).

Therefore, in this case, Defendant was properly sentenced to a consecutive term

of imprisonment for the § 924(c) conviction, and his argument that he should not have

received a consecutive sentence under § 924(c) is squarely foreclosed by <u>Segarra</u> and

Abbott. *See, e.g.,* Baez, 417 F. App'x at 854. Defendant's attorney was not ineffective for failing to raise this meritless argument. This ground should be denied.

### Ground 2: IAC – Sentence Reduction

In Ground 2, Defendant asserts that his trial counsel was ineffective because counsel failed to assist Defendant "with the firearm offenses which could have led the Court to determine mitigating factors, thereby reducing the sentence imposed." Doc. 55 at 3. In the attached memorandum, under Ground 2, Defendant references the charge in Count 2 (the § 924(c) violation) and asserts "the judgment and the sentence imposed in this Ground is subject to collateral review because (1) the Defendant and his family had been exposed to a home invasion" that occurred "6 or 8 months before" Defendant's arrest. Doc. 55 at 13; *see id.* at 18. Defendant asserts that "[o]ut of sheer fear for his wife, his dear little children, and for his own life, the Defendant legally purchased and had legally [registered] each of his purchased firearms." *Id*. at 13. In his supporting memo, Defendant indicates "[t]hose firearms were strictly to protect his family and personal property from any further home invasions." *Id*. at 23. Defendant asserts he told his attorney all of this but his attorney "failed to properly investigate and utilize the information in a defensive and mitigating manner favorable to the Defendant." *Id*. at 13-14. For example, Defendant argues his attorney failed to assert that the § 924(c) charge "ran 'atypical' to the Congressional intent of such a violation" as the Eleventh Circuit "has held that an underlying violent or drug trafficking crime must be evinced in order to lend its own mens rea requirement." *Id*.; *see* United States v. Brantley, 68 F. 3d 1283, 1289-90 (11th Cir. 1995). Defendant then references the

"sentencing manipulation" argument, addressed in the analysis of Ground 1, *supra*, after which Defendant asserts his attorney's "failure to utilize that information in the most favorable mitigating manner undermined the constitutionally effective performance of Attorney Jansen which in turn prejudicially affected the outcome of the plea process." Doc. 55 at 16.

In its response, Government sets forth Ground 2 as "Whether AUSA Mountin promised Petitioner a substantial assistance motion and failed to keep his promise." Doc. 62 at 2.  The Government also responds to the "mitigating" evidence argument as part of Issue I.C.  *See* Doc. 62 at 10-12.   In his reply, Defendant does not take issue with the Government's presentation of Ground 2 and Defendant withdraws his argument concerning Issue I.C..  *See* Doc. 63 at 2, 3-6.

Concerning the substantial assistance motion, Defendant argues, in the section of his supporting memorandum under Ground 1, that he provided federal agents with "some very good leads, based on the case AUSA (Mound [sic]) promising the Defendant a 5K1 motion."  Doc. 55 at 10.  Defendant states that his attorney encouraged him "to assist the Government but no 5K1 motion ever materialized despite his voluntary assistance."  *Id*.

To the extent Defendant's argument in Ground 2 concerns a promise by the AUSA to file a 5K1 substantial assistance motion, that argument lacks merit.  As the Government explains, Defendant signed a plea agreement that contained the standard language that the decision to file such a motion falls solely in the discretion of the

United States Attorney.  Doc. 62 at 17-18; *see* Doc. 22 (plea agreement).  At the plea

hearing, defendant's attorney stated:

> He's entering his plea, Your Honor, with the understanding that there may
> be some cooperation in the future, no guarantee. . . . And we went to the
> extent, Judge, where I had Mr. Mountin come out to the jail and explain to
> him the government's position so there would be no confusion about his
> potential cooperation and potential 5K1 or Rule 35.  There's no
> guarantee.

Doc. 60 at 41.  Mr. Mountin, AUSA, concurred with defense counsel's representation

and stated that "if it rose to the level of substantial assistance, we would inform the

Court of that fact, but beyond that, the decision for his sentencing would be entirely up

to the Court."  *Id*. at 42.  The Court questioned Defendant to confirm Defendant

understood:

> THE COURT: Mr. Thompson, do you understand this plea agreement to
> be doing what the two lawyers have told me?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand it to be doing anything else for you?
>
> THE DEFENDANT: Doing anything else for me?
>
> THE COURT: Yes. Is there anything else that they left out?
>
> THE DEFENDANT: No, there's not.
>
> THE COURT: The process of cooperation is one where you give
> information about the criminal behavior of other people. The government
> investigates, and if the government finds that it helped substantially in the
> investigation of other crimes, they are promising to you to file a motion,
> called a substantial assistance motion. It goes under several names. And
> if they do that, then Judge Mickle has the authority to sentence you below
> the minimum mandatory five-year or ten-year sentences. Do you
> understand that?

THE DEFENDANT: Yes.

THE COURT: So it's a good thing for it to happen. You understand?

THE DEFENDANT: Yes.

THE COURT: And if you've given evidence to the government and they decide it's not good enough, that it isn't substantial, there's no remedy. That means that Judge Mickle doesn't have the authority to make them do it. And unless they do it, he can't sentence you below the minimum mandatories. You understand?

THE DEFENDANT: Yes.

THE COURT: So it really is a one-way street. It might work, but it might not. Do you understand?

THE DEFENDANT: Yes.

THE COURT: It requires your truthful and complete cooperation. And the government would -- if history -- in the past they don't do it. If you withhold things and they think you're withholding, they won't file a substantial assistance motion, even if you give up some good evidence. But if you don't -- if you don't give it all, and hold some back, and they think that that happened, they won't file the motion. Do you understand?

THE DEFENDANT: Yes.

*Id*. at 42-44. In the affidavit attached to the Government's response, Mr. Jansen states

Defendant "understood that the Government had the sole discretion whether to file a

5K1.1 Sentence Reduction," Defendant "acknowledged this fact during the Plea

Colloquy" and, ultimately, "Defendant was in custody and unable to provide substantial

assistance." Doc. 62 Attach. 1 at 2. Similarly, Mr. Mountin states in his affidavit,

"Neither was the defendant promised anything if he decided to plead guilty, what his

sentence might be, where he might serve his sentence, or that he would receive a

substantial assistance motion from the Government."  Doc. 62 Attach. 2 at 2.

Mr. Mountin further states:

> Finally, at no time did I promise the defendant that the Government would file a 5K1 motion on his behalf.  The only statements which I made to the defendant about the possibility of a 5K1 were that if the defendant's cooperation rose to the level of substantial assistance, that the information about his cooperation would be presented for consideration by the appropriate authority within the U.S. Attorney's Office and that the decision was then made by them, not by me.  Ultimately, the defendant failed to cooperate, and as such no 5K1 motion was prepared by the Government on behalf of the defendant in this case.

*Id*. at 2-3.

To the extent Defendant argues in Ground 2, that his conviction and sentence is

subject to collateral attack because he lawfully had all the firearms found in his

possession, such argument also lacks merit.  Count 2 charged Defendant as follows:

> That on or about November 6, 2007, in the Northern District of Florida, the defendant, STEVE TYRONE THOMPSON, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, as charged in Count One of this Indictment, did knowingly possess firearms, namely: a Colt .45 caliber double barrel derringer; a Cobra .32 caliber pistol; a Phoenix Arms .22 caliber pistol, serial number 4006217; a Phoenix Arms .22 caliber pistol, serial number 4268981; a Glock model Nineteen 9mm semi automatic pistol; a Winchester model 1300 12 gauge shotgun; and an American Arms model .410 gauge short-barreled shotgun, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 924(c)(1)(B)(i).

Doc. 1 at 1-2.  During the plea hearing, Defendant admitted guilt:

> THE COURT: . . . Mr. Jansen has said that you wish -- did you use any of these firearms to protect yourself and your drug business?

> THE DEFENDANT: Well --

> THE COURT: Did you think of any of them as being used to help you out -

THE DEFENDANT: I had them for my safety, if somebody tried to rob me so I had -- you know, like I had the .32.

THE COURT: The .32s were --

THE DEFENDANT: By my head rest, yeah.

THE COURT: They were by your -- in your bed?

THE DEFENDANT: In my dresser drawer, yeah.

THE COURT: Dresser drawer. Okay. So that if somebody came at night, you could have it to protect yourself?

THE DEFENDANT: I grab that, yes.

THE COURT: All right. And so -- and you admit that you had $30,000 in cash from your drug dealing that was there in the house?

THE DEFENDANT: I had recently -- I had recently sold a home.

THE COURT: Okay. All right. Did you have some drugs in your house?

THE DEFENDANT: Yes.

THE COURT: Would you have used that firearm above your head to protect your drugs if somebody tried to come and take it?

THE DEFENDANT: Yes.

THE COURT: That would be in the furtherance of a drug trafficking crime, you understand that?

THE DEFENDANT: Yes.

THE COURT: So if that's true, that would be adequate to prove your guilt of Count 2, at least with respect to that firearm. Do you understand?

THE DEFENDANT: Yes.

Doc. 60 at 29-30.

Based on the foregoing, Ground 2 lacks merit and should be denied.

Case Nos. 4:08cr2-SPM/CAS and 4:10cv154-SPM/CAS

## <u>Ground 3</u>: Denial of Benefits of "Safety Valve"

In Ground 3, Defendant alleges his trial attorney rendered ineffective assistance "for not advising Movant of the structural defect in the Government's charged violation [in Count 3] of Title 26 U.S.C. §§ 5861(d), 5871; to wit, that unregistered firearms must meet or exceed a criteria as determined by statute and case law." Doc. 55 at 4. In his supporting memo, Defendant "contends that the judgment imposed in this Ground violates the Constitution or Laws of the United States because the seized .410 sawed-off shotgun did not reach the **one-half inch in diameter** set out in 26 U.S.C. 5845(f) and mandated by U.S.S.G. § 2K2.1, comment (n.4)." *Id*. at 18. Defendant asserts the Government was required "to produce as proof a certified laboratory document signed by the accreditating lab technician that the .410 sawed-off shotgun that was seized had the requisite bore diameter," but "the Government never presented such required proof nor even alleged knowledge of that proof requirement." *Id*. Defendant asserts that "[w]ith a bare minimum of legal research and competency Attorney Jansen could have easily discovered that the Government did not provide requisite proof in Count Three." *Id*. at 20. Defendant asserts that "he made an unknowingly and unintelligent plea in this matter without Attorney Jansen's competent legal advise and guidance to the effect that the Government failed to carry its burden of proof," and his counsel's performance prejudiced Defendant by increasing his prison sentence by sixty (60) months. *Id*. at 21.

Defendant further argues in his supporting memorandum that he meets the "safety valve" criteria in 18 U.S.C. § 3553(f)(1) through (5). *Id*. at 22-24. As to element (1), Defendant argues he does not have more than one criminal history point as "he has

not been in any trouble with the law prior to now." *Id*. at 22. As to (2), Defendant

argues there was no violence or credible threats of violence. *Id*. at 23. As to (3),

Defendant asserts the offense did not result in death or serious bodily injury. *Id*. at 24.

As to (4), Defendant indicates he was the only person involved in this case; therefore,

"he was not an organizer, leader, manager, or supervisor of others in the offense . . .

and he was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C.

§ 848." *Id*. Finally, as to element (5), Defendant asserts he truthfully provided the

Government "all information and evidence the Defendant had concerning the offenses

that were part of the same course of conduct or of a common scheme or plan." *Id*.

In response, the Government addressed this ground in two parts. The first part

is contained in Issue I.F. and the second part, concerning the "safety valve" argument,

is contained in Issue III. *See* Doc. 62 at 2, 16-17, 19-20. In the reply Defendant filed,

Defendant withdrew his argument concerning Issue I.F. *See* Doc. 62 at 2; Doc. 63 at 2-

3. Accordingly, this Court will not address that argument.

As to the safety valve argument, as the Government explains, a defendant is

eligible for a reduction of his sentence if he satisfies five criteria contained in 18 U.S.C.

§ 3553(f)(1)-(5). Doc. 62 at 19. That statute provides:

> **(f) Limitation on applicability of statutory minimums in certain
> cases.**--Notwithstanding any other provision of law, in the case of an
> offense under section 401, 404, or 406 of the Controlled Substances Act
> (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled
> Substances Import and Export Act (21 U.S.C. 960, 963), the court shall
> impose a sentence pursuant to guidelines promulgated by the United
> States Sentencing Commission under section 994 of title 28 without
> regard to any statutory minimum sentence, if the court finds at sentencing,

after the Government has been afforded the opportunity to make a
recommendation, that--

**(1)** the defendant does not have more than 1 criminal history point, as
determined under the sentencing guidelines;

**(2)** the defendant did not use violence or credible threats of violence or
possess a firearm or other dangerous weapon (or induce another
participant to do so) in connection with the offense;

**(3)** the offense did not result in death or serious bodily injury to any
person;

**(4)** the defendant was not an organizer, leader, manager, or supervisor of
others in the offense, as determined under the sentencing guidelines and
was not engaged in a continuing criminal enterprise, as defined in section
408 of the Controlled Substances Act; and

**(5)** not later than the time of the sentencing hearing, the defendant has
truthfully provided to the Government all information and evidence the
defendant has concerning the offense or offenses that were part of the
same course of conduct or of a common scheme or plan, but the fact that
the defendant has no relevant or useful other information to provide or
that the Government is already aware of the information shall not preclude
a determination by the court that the defendant has complied with this
requirement.

18 U.S.C. § 3553(f).  The second element requires that "the defendant did not use

violence or credible threats of violence <u>or possess a firearm or other dangerous weapon</u>

<u>. . . in connection with the offense</u>."  18 U.S.C. § 3553(f)(2) (emphasis added).  As set

forth in the analysis of Ground 2, *supra*, Defendant's own statements at the plea

hearing demonstrated he possessed numerous firearms in furtherance of the drug-

trafficking offense.  *See* Doc. 60 at 29-30.  In the affidavit attached to the Government's

response, Mr. Jansen states: "Defendant did not qualify for a Safety Valve Reduction

under the guidelines.  The facts of the case and his our [sic] admission to the use of

firearms to protect his money and drugs disqualified the application of the Safety Valve

Provision." Doc. 62 Attach. 1 at 2. (Mr. Jansen further states that, through argument

and evidence presented at sentencing, he was able "to prevent a ten (10) year

consecutive sentence for the short barreled shotgun" and saved "Defendant at least 10

to 15 years additional time in prison." *Id*.)

Based on the foregoing, Defendant did not qualify for "safety valve" treatment.

Ground 3 lacks merit and should be denied.

## Conclusion

Based on the foregoing, Defendant's claims are unsupported by the record or

lack merit. No evidentiary hearing is required. *See, e.g.*, Holmes v. United States, 876

F.2d 1545, 1553 (11th Cir. 1989). The amended § 2255 motion should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he

district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b)

provides that a timely notice of appeal must still be filed, even if the court issues a

certificate of appealability.

After review of the record, the undersigned finds no substantial showing of the

denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).

Case Nos. 4:08cr2-SPM/CAS and 4:10cv154-SPM/CAS

Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's amended motion pursuant to 28 U.S.C. § 2255 (Doc. 55) be **DENIED**.

2. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 30, 2013.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**